UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.

ARTURO MARRERO

     Plaintiff,

vs.

ABC EXPRESS LOGISTICS, LLC,
a Florida Limited Liability Company,
and GARY EVERTON CHAMBERS, individually,

     Defendants.

_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, ("Plaintiff"), ARTURO MARRERO, by and through the undersigned counsel, hereby sues Defendants, ABC EXPRESS LOGISTICS, LLC, and GARY EVERTON CHAMBERS, individually, ("Defendants"), and in support aver as follows:

## GENERAL ALLEGATIONS

1. This is an action by Plaintiff for damages for breach of contract, quantum meruit, unjust enrichment, unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and for Defendants' retaliation against Plaintiff for complaining about his unpaid wages.

2. This Court has jurisdiction over Plaintiff FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, resident of Lake County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

1

4. Defendant, ABC EXPRESS LOGISTICS, LLC, is Florida Limited Liability Company, having its main place of business in Lake County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, GARY EVERTON CHAMBERS, is company owner and exercised operational control over the activities of corporate Defendants.

6. Venue is proper in Lake County because all of the actions that form the basis of this Complaint occurred within Lake County and payment was due in Lake County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

### **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9. Plaintiff was employed by Defendant on or about October 01, 2022, as a Driver and installer.

10. Plaintiff worked for the company for one month.

11. Gary Chambers is a business owner for whom Plaintiff had previously worked and, once again, had not received payment for his work.

12. The employer paid Plaintiff for the first three weeks but withheld payment for the fourth week.

13. The employer stated they would pay Plaintiff after 45 days without customer complaints.

14. More than 45 days have passed, and Plaintiff still has not received payment.

15. Despite multiple calls, the employer has not responded to Plaintiff.

16. The unpaid week amounts to approximately $1,000, calculated at $150 per day for six days of work.

17. Plaintiff worked 102 hours per week.

18. Plaintiff started work around 5:12 AM and finished around 10 or 11 PM.

19. Plaintiff drove a truck intrastate, sometimes driving over 400 miles daily (e.g., from Davenport, Florida to Fort Lauderdale, Florida).

20. Plaintiff attempted to call and send text messages regarding his unpaid wages; however, he did not receive a response from Gary Chambers.

21. Plaintiff has not been compensated for any overtime hours.

22. Plaintiff was constructively discharged on or about December 01, 2024.

23. At all times material hereto, Plaintiff and Defendants were engaged in a contract whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

24. Plaintiff was not paid for his overtime hours worked in excess of forty hours (40) per week, as proscribed by the laws of the United States and the State of Florida.

## COUNT I
### Breach of Agreement Against ABC EXPRESS LOGISTICS, LLC

25. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 24 of this complaint as if set out in full herein.

26. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

27. Plaintiff suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiff seek damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### *Quantum Meruit Against ABC EXPRESS LOGISTICS, LLC*

28. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 24 of this complaint as if set out in full herein.

29. Plaintiff have conferred a benefit onto Defendants by performing and providing services for Defendants.

30. Defendants have knowledge of the services performed and provided and the benefit provided by Plaintiff.

31. Defendants accepted Plaintiff services to Defendants.

32. Defendants retain an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

33. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendants.

WHEREFORE, Plaintiff seek a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT III
### *Unjust Enrichment Against ABC EXPRESS LOGISTICS, LLC*

34. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 24 of this complaint as if set out in full herein.

35. Plaintiff have conferred a benefit upon Defendants for services performed and provided to Defendants.

36. Defendants have knowledge of the services performed and provided by Plaintiff.

37. Defendants voluntarily accepted the services performed and provided by Plaintiff.

38. Defendants unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

39. Plaintiff seeks damages for the value of the work performed to Defendants.

   **WHEREFORE**, Plaintiff seeks a judgment for unjust enrichment against Defendants, interest and costs, and other damages deemed just by this Honorable Court.

### COUNT IV
*Wage & Hour Federal Statutory Violation Against ABC EXPRESS LOGISTICS, LLC*

40. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 24 of this complaint as if set out in full herein.

41. This action is brought by Plaintiff to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

42. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

43. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States

5

and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

44. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

45. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

46. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

47. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

48. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's

employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

49. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights,

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Wage & Hour Federal Statutory Violation Against GARY EVERTON CHAMBERS*

50. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 24 of this complaint as if set out in full herein.

51. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, ABC EXPRESS LOGISTICS, LLC.

52. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly

7

in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

53. Defendant had operational control of the business and is thus jointly liable for Plaintiff' damages.

54. Defendant willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff' rights.

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees.

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT VI**</u>
*Wage & Hour Federal Statutory Violation against GARY EVERTON CHAMBERS, individually,*

55. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 24 of this complaint as if set out in full herein.

56. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, ABC EXPRESS LOGISTICS, LLC.

8

57. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

58. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

59. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT VI
*FLSA Retaliation Violation Against ABC EXPRESS LOGISTICS, LLC*

60. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 24 of this complaint as if set out in full herein.

61. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other

9

manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

62. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

63. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

64. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: <u>March 4, 2025</u>                    Respectfully submitted,


                                   */s/: Peter M. Hoogerwoerd*
                                   Peter M. Hoogerwoerd, Esq.
                                   Fla. Bar No.: 0188239
                                   **pmh@rgph.law**
                                   **REMER, GEORGES-PIERRE, &**
                                   **HOOGERWOERD, PLLC**
                                   2745 Ponce de Leon Blvd.
                                   Coral Gables, FL 33134
                                   (305) 416-5000- Telephone